### (Hamilton County Court of Common Pleas.)

### W. M. AMPT *v.* THE CITY OF CINCINNATI ET AL.

1. In order that an appropriation may be made from the contingent fund under section 2690*h* to provide for a deficiency in any specific appropriation made under this section for a fiscal half year, it is necessary that a deficiency shall lawfully and by an unforeseen emergency happen ; something unforeseen shall happen affecting the object for which the specific appropriation is made, and which, by requiring an unexpected expenditure of the money appropriated to that particular object, has caused, or will cause a deficiency in the appropriation.

2. The improvement of parks by the construction of roads, grading and otherwise, which had been contemplated, but put off for the lack of funds, is not an unforeseen emergency under the section.

3. The statutes of Ohio do not provide for, or contemplate, a fund to be used in giving employment to unemployed people, and it is clearly an evasion of the law to use, for such purposes, a fund specifically appropriated to the object of parks, and to make an appropriation from the contingent fund to provide for a deficiency thereby occasioned in the park fund.

4. Where the council does not declare by the ordinance making the appropriation from the contingent fund that an unforeseen emergency exists, a legislative right of council to

determine whether such emergency does exist, can not be set up under the ordinance, even if the council has such legislative right, and the question as to whether such emergency existed is to be determined by the court on the facts.

(Decided May, 1895.)

SAYLER, J.

It appears in this case that for the six months ending June 30, 1893, there was appropriated from the park fund of said city, for park purposes, $————, and for the six months ending December, 31, 1893, from the same fund for the same purposes $————, making the appropriation for the year 1893, $67,060; that of this fund there was a balance remaining unexpended on October 20, 1893, of $21,218.27.

That on October 20, 1893, the Board of Legislation of said city passed an ordinance to appropriate $30,000 from the contingent fund of said city to its park fund, as follows:

## "AN ORDINANCE No. 657

To appropriate $30,000 from the contingent fund to the park fund.

"Sec. 1.    Be it ordained by the Board of Legislation of the city of Cincinnati, that the sum of $30,000 be, and the same is hereby appropriated from the contingent fund to the park fund.    Said sum may be expended in the improvement of the city parks, by the construction of roads, grading and otherwise.    No person shall be employed on any work carried on with said fund unless he shall have been a *bona fide* resident of the city of Cincinnati for at least one year prior to the date of such employment, and in the prosecution of such work the Board of Park Trustees are requested to employ only such persons as may be suffering by reason of their inability to find employment elsewhere.

"Each and every workman employed in the parks, under the provisions of this ordinance, shall receive the sum of $1.60 per day for each day so employed.

"Sec. 2.    This ordinance shall take effect at the earliest period allowed by law."

Said ordinance was approved by the mayor of said city on October 21, 1893, and was duly published, as required by law, and took effect on November 3, 1893.    On November 3, a balance of over $18,000 of the fund originally appropriated from the park fund for park purposes, remained unexpended.

The said fund so appropriated from the contingent fund was being expended under the terms of said ordinance at the time the petition was filed herein, and was all expended prior to December 31, 1893.

The plaintiff asks that the defendants be enjoined from contracting any obligations as against said $30,000 and from expending any of the same.

The plaintiff claims said ordinance is illegal for the following among other reasons:

1.    That there was no deficiency in the fund appropriated far park purposes for the year 1893.

2.    That no unforeseen emergency had happened requiring such appropriation from the contingent fund.

Under section 2690h of the Revised Statutes the common council shall make, by the first week of each fiscal half year, detailed and specific appropriations for the several objects for which the city has to provide, etc.; and, "all expenditures within the following six months shall be made in accordance with and within said appropriation."    But, "in making the semiannual appropriation and apportionment hereby required, it shall be the duty of the common council to deduct and set apart out of the fund for

general purposes, the sum of fifty thousand dollars as a contingent fund to provide for any deficiency in either of the detailed and specific appropriations so to be made which may lawfully and by any unforeseen emergency happen; which contingent fund and any part thereof may be expended for any such emergency only by an ordinance passed by the votes of two-thirds of all the members of each branch of the common council, and approved by the mayor of the city."

From the statement of the case, it is clear there was no deficiency in the fund appropriated to park purposes for the year 1893. There was a balance of $21,000.00 remaining of said fund at the time the said ordinance was passed. The mayor of the city, in speaking of the emergency, says: "And there not being any money in the park fund appropriated for the purpose, except barely sufficient to pay current expenses," etc. That is, there were sufficient funds for the ordinary park purposes. The deficiency contemplated was to be the deficiency which would grow out of the use of the money in the improvement of the parks.

Was there an emergency as contemplated by the statutes?

It will be noticed the statute provides that an appropriation may be made from the contingent fund to provide for any deficiency in the specific appropriation which may lawfully, and by any unforeseen emergency happen.

The deficiency shall be occasioned by the happening of an unforeseen emergency. Something unforeseen shall happen, affecting the object for which the specific appropriation is made, and which, by requiring an unexpected expenditure of money appropriated to that particular object, has caused, or will cause a deficiency in the appropriation. An improvement of a park by construction of roads, grading and otherwise, could certainly not be an unforeseen emergency. That, in this case, it was not unforeseen, is established by the evidence of the mayor in his answers to interrogatories, when he says: "It was absolutely necessary to do certain work in Eden Park and Burnett Woods, but owing to the lack of funds, it had been put off from time to time, but it was felt that the emergency was such that it could not be put off any longer." Now, if the work was such as became necessary, but had been put off from time to time, it could not be called an unforeseen emergency. In its very nature the necessity of the improvement was apparent for a long time; probably before the appropriation was made for the six months ending December 31; and could have been considered in making such appropriation.

Where a deficiency will be occasioned by the expenditure of money in a contemplated improvement of a park—improvements which had been contemplated, but put off for lack of funds—it would be idle to claim that an appropriation could be made from the contingent fund to supply the deficiency.

If there were a fund provided, under the statute, to be used in giving employment to the worthy unemployed, and if, by some unforeseen occasion, an unusual number of worthy persons should become unemployed, and thereby a deficiency should occur in such fund, an appropriation could be made from the contingent fund, to make good the deficiency. But no such fund is provided for or contemplated under the statutes. A need of a fund to be used in the employment of such persons, and the use of money for such purpose can in no way affect the object of parks. Neither can the park fund be used for such purposes under the statutes. It is clearly an evasion of the law, to say that a fund is necessary to be used to give employment to such persons, and as such fund is not provided by statute, that the park fund shall be used for such purpose; and, the park fund being thereby exhausted, to say that there is a deficiency in that fund

occasioned by an unforeseen emergency, and that such deficiency shall be made good out of the contingent fund.

If the object of the ordinance was to make improvements in the parks, then there was clearly no unforeseen emergency which made such improvements necessary. If the object of the ordinance was to give employment to the worthy unemployed, then such use of the money was not contemplated under the statute. If these separate propositions be correct, the ordinance could not be made valid by a conjunction of the two purposes.

There is no declaration by council that there was an unforeseen emergency, or that the appropriation was made in consequence of deficiency in the funds appropriated for park purposes, which had lawfully and by an unforeseen emergency happened. Therefore, the legislative right of the council to determine when an emergency exists can not be set up in this case, *even* if the council has *such legislative right in any case.*

I think the question whether an unforeseen emergency existed in this case, depends on the facts, and that the facts are against it.

The use of money to give employment to worthy unemployed citizens of the city, is praiseworthy, and should be promoted at least to a limited extent, but it should be done in a legal manner, and if the statutes are not sufficient, application should be made to the legislature. The interests of the city require that the laws relating to the expenditure of money shall be followed strictly. In no case should the law be violatsd, even for a praiseworthy end.

It seems to me the ordinance is void, and that the prayer of the petition should have been granted, had application been made to the courts before the money was expended; that, as it appears, the money has been expended, the plaintiff is entitled to his cost, including a reasonable attorney's fee.

*W. M. Ampt,* for plaintiff.

*F. Hertenstein,* Corporation Counsel.